IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CRIMINAL CASE NO. 3:93-CR-302-M |
| | § | |
| ROBERT LYNN BELL, | § | |
| #24923-077, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Robert Lynn Bell's February 11, 2019 *Request for Reduction of Sentence*, which was referred to the United States Magistrate Judge under 28 U.S.C. § 636(b). Crim. Doc. 75; Crim. Doc. 77. As detailed here, the motion should be **DENIED**.

On November 18, 1993, Bell pled guilty to carjacking and, on February 24, 1994, was sentenced to 240 months' imprisonment "to be served consecutive to any other [previously imposed] sentence." Crim. Doc. 78-2 (Maloney, J.) (*Amended Judgment*); Crim. Doc. 75 at 1. Online research confirms that on January 24, 1994, Bell received concurrent state sentences of 50 years for aggravated kidnapping, aggravated robbery with a deadly weapon, and aggravated sexual assault with a deadly weapon, which were temporally related to the instant carjacking offense. Crim. Doc. 75 at 1; *see State v. Bell*, Nos. F93-03098, F93-40678, F93-40679 (Crim. Dist. Court No. 4 Jan. 24, 1994).[1]

---

[1] Dallas County online case information for Bell's state convictions is available at https://www.dallascounty.org/criminalBackgroundSearch/captcha (last accessed Mar. 5, 2019).

On direct appeal, the United States Court of Appeals for the Fifth Circuit affirmed the

240-month consecutive sentence and upward departure under U.S.S.G. § 5K2.3. *United States v.*

*Bell*, 85 F.3d 620 (5th Cir. 1996) (unpublished per curiam). Bell unsuccessfully sought relief

under 28 U.S.C. § 2255. *Bell v. United States*, No. 3:97-CV-3019-T, (N.D. Tex. 1998)

(summarily dismissing with prejudice Section 2255 motion); *Bell v. United States*, No. 3:16-CV-

01624-G (N.D. Tex. 2016) (transferring successive Section 2255 motion).

By the motion *sub judice*, Bell pleads for leniency, seeking a sentence reduction and/or

release under an order of supervision. Crim. Doc. 75 at 1-2. He avers that he has been confined

for 26 years and that, consequently, is changed and has turned his life around. He states:

> That you bless me by giving me "'time served' or credit back as concurrent 12 ½ years of the near 23 years served in state prison." This will allow me a second chance. I would serve aproximately [sic] 2 more years in Federal Custody and then continue serving my state sentence by going on parole under supervision for aproximately [sic] 24 more years.
>
> I believe that by granting my state time that I have served to be concurrent, will not depreciate the seriousness of my offenses, nor question whether my sentence was sufficient. I believe that the fact that I was granted parole shows that I have truly learned, grown, and changed, and that I would never reoffend while, at the same time, being paroled on supervision carries some checks and balances that remind me, and the public, that my offenses are serious and are not being minimized by me, or the judicial system. Also, I am aware that I have to register as a sex offender, which is also another reminder and deterrent if the public or the judicial system would rely on.

Crim. Doc. 75 at 2.

Bell's entreaty notwithstanding, the Court lacks discretion to modify his sentence, except

as permitted by law. Bell has wholly failed to cite any legal authority permitting the Court to

modify his sentence to either grant credit for time served or impose a concurrent sentence, and

the Court has found none. *See United States v. Olivares*, 713 F. App'x 353, 353 (5th Cir. 2018)

(concluding *pro se* post-judgment motion for concurrent sentences "was an unauthorized motion

that the district court lacked jurisdiction to consider" (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)).

Because Bell's motion was not filed by the Government or made within 14 days of sentencing, it cannot be construed as a request for Rule 35 sentence correction or reduction. *See* FED. R. CRIM. P. 35; *Early*, 27 F.3d at 141. Likewise, the relief sought is not authorized by 18 U.S.C. § 3582(c)(2), since the request is not premised on an amendment to the United States Sentencing Guidelines. *See Early*, 27 F.3d at 142. Additionally, Bell does not allege purported sentencing errors and, as such, the Court does not construe his claim to arise under 28 U.S.C. § 2255.[2] *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). This Court also lacks jurisdiction to consider any challenge to the way Bell's sentence is being executed since he is incarcerated in Texarkana, Texas, which is within the Eastern District of Texas. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (holding that court lacked jurisdiction over Section 2241 petition because petitioner was not incarcerated within that district).

Accordingly, Defendant's *Request for Reduction of Sentence* should be **DENIED**.

**SO RECOMMENDED**.

March 12, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court lacks jurisdiction to review a Section 2255 motion because Bell has not received permission from the United States Court of Appeals for the Fifth Circuit to file one. 28 U.S.C. §§ 2255(h) and 2244(b) (limiting circumstances under which a defendant may file a second or successive application for federal habeas relief); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).