# In The United States District Court
# For The Northern District Of Texas
# Dallas Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:93-CR-302-M |
| | § | |
| ROBERT LYNN BELL, | § | |
|   #24923-077, | § | |
|       DEFENDANT. | § | |

## Order Accepting Findings, Conclusions And Recommendation Of The United States Magistrate Judge

The United States Magistrate Judge made Findings, Conclusions and a Recommendation in this case. Defendant filed objections, and the Court has made a *de novo* review of those portions of the proposed Findings and Recommendation to which objection was made.

In his objections, Defendant asserts for the first time that the Court has the discretion to reduce his sentence under the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i). However, because Defendant was convicted of carjacking, and not of an offense involving crack cocaine or cocaine base, he is not entitled to a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Additionally, Defendant has not demonstrated that he is eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, which allows prisoners to file a motion for compassionate release in the sentencing court after exhausting all administrative appeals of a refusal by the Bureau of Prisons to bring such a motion on the prisoner's behalf. *See* First Step Act of 2018, P.L. 115-391, § 603(b)(1).

Accordingly, Defendant's objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge. Defendant's

*Request for Reduction of Sentence* is **DENIED**.  Insofar as Defendant seeks relief under 28 U.S.C. § 2241, the petition is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

The Clerk of the Court is **directed** to open for statistical purposes a new Section 2241 habeas corpus petition (nature of suit 530 directly assigned to the same District Judge and Magistrate Judge as in the criminal case), and to close the same on the basis of this order.

The Court prospectively **CERTIFIES** that any appeal from the order denying the motion to reduce sentence would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).  In support of this finding, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation.  See *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997).  Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).[1]  In the event of an appeal, Defendant may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit.  See *Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

SO ORDERED this 9th day of April, 2019.

*[signature: Barbara M. G. Lynn]*
BARBARA M. G. LYNN
CHIEF JUDGE

---

[1] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order.  A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.