IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | §   CASE NO. 3:93-CR-302-M |
| | § |
| ROBERT LYNN BELL, | § |
|   #24923-077, | § |
|         DEFENDANT. | § |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Robert Lynn Bell's April 23, 2019 *Rule 59(e) Reconsideration Motion*, which was referred to the United States Magistrate Judge under 28 U.S.C. § 636(b). Crim. Doc. 82, 83. As detailed here, the motion should be **DENIED**.

On April 9, 2019, the Court accepted the *Findings, Conclusions, and Recommendation of the United States Magistrate Judge* and denied Bell's *Request for Reduction of Sentence* because: (1) the Court lacked discretion to modify his sentence; (2) Bell was not entitled to a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018); and (3) Bell had not demonstrated that he was eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.  Crim. Doc. 81; Crim. Doc. 79.  Bell now claims that the First Step Act permits a sentence reduction for "Extraordinary and Compelling Circumstances," not just for elderly and terminally ill offenders, and that "[t]his portion of the amendment is not restrained by any other section of the act." Crim. Doc. 82.

Notwithstanding Bell's implication that extraordinary or compelling reasons—which he wholly fails to identify—exist in this case, he has also failed to establish that he exhausted all of

his administrative rights to appeal the Bureau of Prisons' failure to bring such a motion on his behalf.  *See* 18 U.S.C.A. § 3582(c)(1)(A) (West 2019) (amended by the First Step Act to provide that the court may also reduce a sentence "*upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier" (emphasis added)).  Accordingly, Bell having failed to satisfy this requisite, his motion for reconsideration should be **DENIED**.

**SO RECOMMENDED** on May 3, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See* Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).